IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-548-FL

| | |
|---|---|
| THEODORE JUSTICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER WHITE, Vance County Sheriff; )<br>SAMUEL BOOTH CURRIN, Vance )<br>County District Attorney; ALLISON S. )<br>CAPPS, Vance County Assistant )<br>District Attorney; HENRY W. HIGHT, )<br>Jr., Senior Resident Superior Court )<br>Judge; THOMAS S. HESTER, JR., )<br>Chairman Vance County; and TERESA )<br>JUMO, LPN, Vance County Detention<br>Center<br>Defendants. | ORDER |

Plaintiff, proceeding *pro se*, initiated this civil rights action by complaint filed August 1, 2013, as amended August 30, 2013. Various motions have been filed in the action, including plaintiff's motion for entry of default and default judgment (DE 16), filed August 27, 2013, against defendants Samuel Booth Currin, Allison S. Capps, and Henry W. Hight, Jr. Where there is no basis in law or fact for the relief requested, said motion is DENIED.

A motion to dismiss was filed August 29, 2013, by this same group of defendants (DE 19), directed against the August 1, 2013, complaint, as well as a motion to dismiss (DE 26), directed against the August 30, 2013, amended complaint. The motions are not yet fully ripe, where plaintiff's response time has not yet run.

Also pending is a motion for preliminary injunction, just filed by plaintiff (DE 29) on

September 16, 2013. Plaintiff alerts on the face of the motion that he also seeks a temporary restraining order as well as a preliminary injunction, "to ensure in the event he is returned to the Vance County Detention Center that he would receive proper medical care." While the response time has not yet expired, where plaintiff also seeks a temporary restraining order, given the nature of the sought-after injunctive relief, the court turns its immediate attention to this filing, and the overarching request therein for a preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy," Munaf v. Geren, 553 U.S. 674 (2008), which "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22; see Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011).

In an order granting a preliminary injunction, the court must make "specific findings of fact and conclusions of law" and on appeal such factual findings "shall not be set aside unless clearly erroneous." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 274 (4th Cir. 2002) (citing Rule 52(a)). With respect to findings of fact and conclusions of law, a preliminary injunction is decided "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A party thus is not required to prove his case in full at a preliminary-injunction hearing," and the findings of fact and conclusions of law made by a court in ruling on a preliminary injunction are not binding at trial on the merits. See id.

Having carefully considered the necessary factors, on that showing now before this court, the court cannot today find good cause for entry of a preliminary injunction. As noted, the remedy is an extraordinary one, which only may be awarded upon a clear showing of entitlement. No clear showing has been made. As such, the court dispenses with continued briefing, where it is unnecessary to hear from defendants.

This court's attention soon will be drawn to the motions to dismiss of record, filed on behalf of defendants Samuel Booth Currin, Allison S. Capps, and Henry W. Hight, Jr., upon receipt and review of plaintiff's response, and any reply filed in the matter. The other defendants have sought and been allowed more time within which to make their responses to plaintiff's allegations. When the pleadings are framed, the court's initial order will enter, illuminating the parameters for the parties' joint conference in preface to submission of any suggested plan for the schedule of the case. Occasionally, the court may defer that process, however, in order to promote disposition first of any preliminary motion, such as that made by defendants Samuel Booth Currin, Allison S. Capps, and Henry W. Hight, Jr., in the case. The court now signals here its intention to defer the parties' conference activities pending disposition of any motion to dismiss.

CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default and default judgment (DE 16), filed August 27, 2013, against defendants Samuel Booth Currin, Allison S. Capps, and plaintiff's motion for preliminary injunction (DE 29), filed September 16, 2013, are DENIED.

SO ORDERED, this the 18th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge