IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-548-FL(2)

| | |
|---|---|
| THEODORE JUSTICE,   )<br>   )<br>    Plaintiff,   )<br> v.   )<br>   )<br>PETER WHITE, Vance County   )<br>Sheriff, SAMUEL BOOTH CURRIN,   )<br>Vance County District Attorney,   )<br>ALLISON S. CAPPS, Vance County   )<br>Assistant District Attorney, HENRY   )<br>W. HIGHT, JR., Senior Resident   )<br>Superior Court Judge, THERESA   )<br>JUMO, LPN, Vance County   )<br>Detention Center, and THOMAS S.   )<br>HESTER, JR., Chairman Vance   )<br>County,   )<br>   )<br>    Defendants.   ) | **ORDER** |

This matter is before the court on Plaintiff's "Motion to Recover Cost Fed. R. of Civ. Pro. R. 4," filed December 2, 2013 [DE #48], and referred to the undersigned by United States District Judge Louise W. Flanagan. Responses have been filed by Defendants Peter White, Thomas S. Hester, Jr., and Theresa Jomo (identified in Plaintiff's complaint as "Theresa Jumo, LPN"). The time for further filings having expired, this matter is ripe for ruling.

## BACKGROUND

Plaintiff initiated this civil rights action by the filing of his complaint on August 1, 2013. At Plaintiff's request, summonses were issued on that date.

Plaintiff amended his complaint as a matter of right on August 30, 2013. On September 15, 2013, Defendants Capps, Currin & Hight moved to dismiss Plaintiff's complaint, as amended, on a number of grounds, including insufficiency of service of process. Defendants Hester and White filed a similar motion, seeking dismissal of Plaintiff's claims against them pursuant to Rule 12(b)(5) on the ground they have not been properly served with a copy of the complaint or amended complaint filed by Plaintiff. Plaintiff responded in opposition to the motions and further filed a motion to extend the time for service of process[1] and the motion presently before the court in which Plaintiff seeks to recover costs pursuant to Rule 4.

## COURT'S DISCUSSION

Plaintiff contends he is entitled to recover the sum of $834.00 as a result of Defendants' refusal to waive service of process. Specifically, Plaintiff requests a "nominal fee" of $75.00 in order to retain an individual to effect service upon Defendants by certified mail, as well as $9.00 for the estimated cost of certified mail and compensation of Plaintiff at the rate of $75.00 per hour for ten hours of legal research and other work performed in connection with service upon Defendants.

Rule 4(d)(2) of the Federal Rules of Civil Procedure, upon which Plaintiff relies, provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and

---

[1] Plaintiff's extension motion and Defendants' motions to dismiss are pending before the court and will be addressed by separate order.

> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). Attorneys' fees or like compensation are not available to a pro se party under Rule 4(d)(2). *Prousalis v. Jamgochian*, 38 Fed. App'x 903, 905 (4th Cir. 2002) (denying fees requested by attorney proceeding pro se). Moreover, Rule 4 is a rule of reimbursement, entitling a plaintiff to recover the actual costs of personal service where a defendant, without good cause, fails to sign and return a waiver requested by the plaintiff. Rule 4 does not authorize the prospective recovery of service costs.

In this case, Plaintiff has not demonstrated that he made service upon Defendants following their failure, without good cause, to waive service. Rather, Plaintiff seeks recovery of funds with which to make service upon Defendants. Such relief is simply not available under Rule 4.

As an additional matter, defendant Jomo has acknowledged service, and does not contest Plaintiff's service, upon her. Accordingly, Plaintiff would not be entitled to costs or fees under Rule 4(d) as to Defendant Jomo.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to recover costs pursuant to Rule 4 [DE #48] is hereby DENIED.

This 3rd day of January 2014.

KIMBERLY A. SWANK
United States Magistrate Judge