IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-548-FL(2)

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| PETER WHITE, Vance County Sheriff, ) | |
| SAMUEL BOOTH CURRIN, Vance ) | |
| County District Attorney, ALLISON S. ) | **MEMORANDUM &** |
| CAPPS, Vance County Assistant District ) | **RECOMMENDATION** |
| Attorney, HENRY W. HIGHT, JR., Senior ) | |
| Resident Superior Court Judge, THERESA ) | |
| JUMO, LPN, Vance County Detention ) | |
| Center, and THOMAS S. HESTER, JR., ) | |
| Chairman Vance County, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following motions, which were referred to the undersigned for memorandum and recommendation by United States District Judge Louise W. Flanagan:

      1. Motion to Dismiss filed by Defendants Peter White and Thomas S. Hester, Jr., seeking dismissal of Plaintiff's claims against them for insufficiency of service of process and failure to state a claim upon which relief can be granted [DE-35]; and

      2. Motion to Dismiss filed by Defendant Theresa Jomo (misnamed in Plaintiff's pleadings as "Theresa Jumo"), seeking dismissal of Plaintiff's claims against her on the ground that they fail to state a claim upon which relief can be granted [DE-31].

Plaintiff has responded, and this matter is ripe for ruling, the time for further filings having expired.

## BACKGROUND

This is a civil rights action brought by Plaintiff following his arrest on state charges of accessory after the fact to armed robbery. Plaintiff alleges that he was confined in the Vance County Detention Center for a period of four or five days in September 2012, during which he was not provided with "life sustaining medications" necessary to treat his hypertension and diabetes. He further asserts that he was required to sleep on a mattress on the floor without adequate covering in an overcrowded medical dorm and to wear "mixed matched sandals and raggedy prison uniforms." (Am. Compl. [DE-22] ¶¶ 22-23.)

At the time of Plaintiff's confinement, Defendant Peter White ("Sheriff White") was the Vance County Sheriff, Defendant Thomas S. Hester, Jr. ("Commissioner Hester") was the Chairman of the Vance County Board of Commissioners, and Defendant Theresa Jomo ("Nurse Jomo") was a nurse at the Vance County Detention Center. Plaintiff asserts that the medical facilities at the Vance County Detention Center are inadequate and that Sheriff White, Commissioner Hester and Nurse Jomo have refused, due to budgetary constraints, to take appropriate action to remedy the deficiencies. Plaintiff further maintains that Nurse Jomo negligently disregarded Plaintiff's serious medical needs by failing to provide him with medication after having been advised of his need for such.

Plaintiff alleges that he has Type 1 diabetes, hypertension and lower back pain and that he was deprived of appropriate medical treatment during his incarceration at the Vance County Detention Center. Specifically, Plaintiff asserts that his medications were delivered to the jail the day after he was confined, but they were not administered to him until the following day because there was no nurse on duty after 7:00 p.m. Plaintiff states that he received some of his medications on September 26, 2012, but he was not given any insulin. Plaintiff was seen by a

2

Case 5:13-cv-00548-FL   Document 58   Filed 01/10/14   Page 2 of 12

physician and optometrist, and "was able to get [his] condition under control." (Compl. ¶ 13.) Had he remained in the jail without adequate treatment, Plaintiff maintains that he could have suffered acute complications, "including excessive urination, constant thirst and hunger, weakness, confusion, dizziness, and seizures, as well as severe long-term problems, including blindess, amputation of feet and legs, renal failure, and nerve damage and death due to non-treatment of hypertension and type 1 diabetes." (Compl. ¶ 13; Am. Compl. ¶ 13.)

Plaintiff filed this action on August 1, 2013, and amended his complaint on August 30, 2013. Plaintiff seeks monetary damages and declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, 18 U.S.C. §§ 241 and 242, Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, as well as attorney's fees pursuant to 42 U.S.C. § 1988.

Before the court are a motion to dismiss Plaintiff's claims against Sheriff White and Commissioner Hester for insufficiency of service of process and failure to state a claim, as well as a motion to dismiss the claims against Nurse Jomo for failure to state a claim upon which relief can be granted. For the reasons that follow, the undersigned concludes that Plaintiff has failed to state a claim for relief against the movants and, therefore, recommends dismissal of the claims against them.[1]

**DISCUSSION**

**I.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of

---

[1] Because Plaintiff has failed to state a claim against Sheriff White and Commissioner Hester, the court does not address the merits of their alternative insufficiency of service of process argument.

Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**II.    Section 1983 Claims**

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any

4

statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainees' rights to due process when they are deliberately indifferent to serious medical needs." *Gordon v. Kidd, 971 F.2d 1087, 1094* (4th Cir. 1992); *see also Newbrough v. Piedmont Reg. Jail Auth.*, 822 F. Supp. 2d 558 (E.D. Va. 2011). Liability for inadequate medical care attaches under § 1983 where the plaintiff has an objectively serious medical condition and jail officials act with deliberate indifference to his medical needs. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1970). It requires a consciousness of risk. *Id.* at 837-40. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### A. Official Capacity Claims

Plaintiff's § 1983 claims against the movants in their official capacities are treated as actions against the government entity of which they are agents – the County of Vance. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). As a political subdivision, the County "may be held liable under § 1983 only for acts for which the [County] itself is actually responsible, 'that is, acts which the [County] has officially sanctioned or ordered.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)).

5

To plead a § 1983 claim against a municipality or local government entity, a plaintiff must allege facts sufficient to support a finding that the alleged constitutional action was taken pursuant to an official policy, procedure, or custom of the local governing body. *Id.* Thus, a plaintiff states a plausible denial-of-medical-care claim under § 1983 where the facts alleged support a reasonable inference that there exists "a practice of deliberate indifference to detainee medical needs that was so persistent, widespread, and well-settled as to constitute official custom." *Newbrough*, 822 F. Supp. 2d at 584. On the other hand, an "isolated, unprecedented incident" of medical deprivation is insufficient to support a policy, practice or custom of deliberate indifference. *Id.* (citing *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000)).

Plaintiff has not alleged sufficient facts to support a finding that the Vance County Detention Center was operated by means of an unconstitutional policy, practice, or custom. Rather, the facts alleged by Plaintiff concerning the medical care he received while confined over a four- or five-day period amounts to no more than "an isolated, unprecedented incident" of alleged medical deprivation. Plaintiff's conclusory allegation that "Defendants have a custom or policy of discrimination against black people and knew or should have known that their conduct violated clearly established state or constitutional rights against discrimination on account of race and disability" is without factual support and, therefore, fails to state a plausible claim for relief against Sheriff White, Commissioner Hester, and Nurse Jomo in their official capacities. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements . . . supported by mere conclusory statements, do not suffice.").

### B. Individual Capacity Claims

Plaintiff has also failed to state individual capacity claims against Sheriff White, Commissioner Hester, and Nurse Jomo. A pretrial detainee is entitled to medical care, but he is

6

not entitled to choose the course of treatment. *Whitfield v. Jenkins*, No. 5:10-CT-3151-D, 2011 WL 2669256 (E.D.N.C. July 7, 2011). Mere negligence in diagnosis or treatment does not rise to the level of deliberate indifference; and a delay in medical care, with no resulting injury, does not violate due process. *Rosario v. Wake Cnty. Sheriff's Office*, No. 5:07-CT-3171-BO, 2009 WL 9130454 (E.D.N.C. Sept. 1, 2009) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

While Plaintiff may not agree with the course of treatment received during his detention at the Vance County Detention Center, he fails to allege facts to support a due process violation. Plaintiff complains of a delay in receiving certain medication and alleges that he never received insulin while at the facility. However, he further asserts that he was seen by a physician and optometrist, and "was able to get [his] condition under control." (Compl. ¶ 13.) He seeks redress not for injuries resulting from the allegedly inadequate care, but for injuries he ***might have*** sustained had he remained at the jail without adequate treatment. (*See* Compl. ¶ 13 ("If Plaintiff remained in jail under the current lack of medical treatment[,] Plaintiff may have suffered acute complications due to the lack of treatment complications, including excessive urination, constant thirst and hunger, weakness, confusion, dizziness, and seizures, as well as severe long-term problems, including blindness, amputation of feet and legs, renal failure, and nerve damage and death due to non-treatment of hypertension and type 1 diabetes."); Am. Compl. ¶ 13 ("Plaintiff if he remained at the jail would have suffered serious complications as described in his complaint . . . .").) At most, Plaintiff's complaint, as amended, alleges negligent medical treatment without any resulting injury. As a consequence, it does not support a finding that any of the movants deprived Plaintiff of his constitutional right to due process.

7

Moreover, neither Sheriff White nor Commissioner Hester can be held individually liable for the medical treatment received by Plaintiff under the facts alleged. It is well settled that the doctrine of respondeat superior will not serve as the basis for § 1983 liability. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). In order to be individually liable for inadequate medical care under § 1983, a defendant must have acted personally to deprive the plaintiff of his constitutional rights. *Iqbal*, 556 U.S. at 677 ("[E]ach government official . . . is only liable for his or her own misconduct."). Thus, supervisory officials are not subject to liability because of their authority to control subordinates, but may be held liable only for their own wrongs taken in violation of an individual's constitutional rights. *Id*. A supervisory official may be held liable for the actions of his subordinate only where he has actual or constructive knowledge of "a pervasive and unreasonable risk of injury" caused by the subordinate, he acts with deliberate indifference to or tacitly authorizes the subordinate's actions, and there is an "affirmative causal link" between the supervisor's actions and the constitutional injury. *Randall v. Prince George's Cnty.*, 302 F.3d 188, 206 (4th Cir. 2002).

Plaintiff does not allege that Sheriff White or Commissioner Hester were personally involved in the administration of medical treatment to Plaintiff while he was confined at the Vance County Detention Center. There are no facts to support an inference that either of these defendants were present at the Vance County Detention Center at any time during the period of Plaintiff's detention or that they knew of Plaintiff's confinement. Plaintiff's complaint, as amended, is further devoid of any facts from which it could be inferred that either Sheriff White or Commissioner Hester knew of Plaintiff's medical condition or that he was at substantial risk

8

of harm.[2] Plaintiff having alleged no facts from which it may reasonably be inferred that Sheriff White or Commissioner Hester were personally involved in Plaintiff's care, Plaintiff has failed to state a claim against them in their individual capacities.

### III. Section 1981 Claim

Plaintiff's first claim for relief alleges that Defendants discriminated against him because of his race, in violation of 42 U.S.C. § 1981. Section 1981 forbids racial discrimination in the making and enforcement of contracts. As Plaintiff has included no facts to show how his ability to make or enforce contracts has been impaired by Defendants, he fails to state a claim for relief under § 1981. *See Iqbal*, 556 U.S. at 678 (conclusory statements insufficient to state a claim).

### IV. Section 1985 and 1986 Claims

Plaintiff also purports to allege claims pursuant to 42 U.S.C. §§ 1985 and 1986. Section 1985 provides a cause of action "to those injured by conspiracies formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 827 (1983) (quoting 42 U.S.C. § 1983). To plead a violation of § 1985, a plaintiff must state "specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus'" to deprive the plaintiff of "'the equal enjoyment of rights secured by the law to all.'" *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). A bare assertion of conspiracy is not sufficient. *Twombly*, 550 U.S. at 556. To survive 12(b)(6) dismissal, a conspiracy claim must provide plausible grounds to infer the existence of an agreement. *Id.* at 556-57.

---

[2] Plaintiff alleges that he "wrote and faxed the Vance County Sheriff on October 1, 2012" (Compl. ¶ 9); however that did not occur until after Plaintiff's release.

9

Plaintiff's third claim for relief alleges that movants, together with Judge Hight, DA Currin and ADA Capps, "had an agreement to collectively disparage and retaliate against Plaintiff . . . because of his race, disability and due to his filing complaints against Granville County Schools." (Compl. ¶ 62) and conspired to deprive Plaintiff of his right to adequate medical treatment (Compl. ¶¶ 66, 69) and his right to appointed counsel (Compl. ¶¶ 67, 69) in violation of 42 U.S.C. § 1985. Aside from these conclusory allegations, Plaintiff has articulated no facts to support the alleged conspiracy and he, therefore, fails to state a claim for relief under § 1985. *See Gooden v. Howard County, Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc) (requiring specific facts to support alleged § 1985 conspiracy).

Plaintiff's § 1986 claim, as well as his request for attorney's fees under § 1988, are derivative of Plaintiff's other civil rights claims. Having failed to state a claim for relief under §§ 1981, 1983 and 1985, Plaintiff has likewise failed to allege claims for relief under §§ 1986 and 1988. *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (affirming dismissal of § 1986 and § 1988 claims where § 1985 claim not legally cognizable).

### V.     ADA & Rehabilitation Act Claims

Plaintiff's complaint, as amended, further fails to state a legally cognizable claim under either the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act. "[N]either the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence." *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). The sole basis for Plaintiff's ADA and Rehabilitation Act claims is the alleged failure to provide him with medication for treatment of his diabetes during his period of confinement at the Vance County Detention Center. Plaintiff's claims, sounding in medical

malpractice, are simply not cognizable under either the ADA or the Rehabilitation Act and must, therefore, be dismissed for failure to state a claim.

## VI. Access to the Courts

To the extent Plaintiff challenges conditions of his confinement that could be construed as denying him access to the courts,[3] Plaintiff has failed to allege actual injury, such as the inability to pursue a non-frivolous legal claim. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (en banc) (requiring "actual injury" for infringement of right of access to courts claim). Furthermore, isolated incidents, such as those Plaintiff alleges over his four- or five-day period of confinement, without any evidence of improper motive or negative consequences, do not rise to the level of a constitutional deprivation. *See Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990).

## VII. Title 18 U.S.C. Sections 241 & 242

In the Preliminary Statement of his complaint, Plaintiff states that he is seeking relief under 18 U.S.C. §§ 241 and 242. Sections 241 and 242 are criminal statutes. While they provide criminal penalties, they do not give rise to civil liability or authorize a private right of action. *See Tribble v. Reedy*, No. 89-6781, 1989 WL 126783 (4th Cir. Oct. 20, 1989). Plaintiff has, therefore, failed to state a claim against movants under either of these statutes.

---

[3] Plaintiff alleges that while detained he "was not able to contact his attorney or research and determine the particulars of his case. The Detention Center did not provide envelopes, paper, pencil or stamps. The Detention Center did not provide a rule book or any written information pertaining to its functions, nor has a Law Library or a person who provides adequate assistance from persons trained in the law." (Compl. ¶ 14; *see also* Am. Compl. ¶ 22.)

# CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS as follows:

     1.    that the Motion to Dismiss filed by Defendants Peter White and Thomas S. Hester, Jr., [DE-35] be GRANTED and that the claims against them be DISMISSED, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted; and

     2.    that the Motion to Dismiss field by Defendant Theresa Jomo [DE-31] be GRANTED and that the claims against her be DISMISSED, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 10th day of January 2014.

                                                    KIMBERLY A. SWANK
                                                    United States Magistrate Judge