IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-548-FL(2)

| | |
|---|---|
| THEODORE JUSTICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>PETER WHITE, Vance County Sheriff, )<br>SAMUEL BOOTH CURRIN, Vance )<br>County District Attorney, ALLISON S. )<br>CAPPS, Vance County Assistant District )<br>Attorney, HENRY W. HIGHT, JR., Senior )<br>Resident Superior Court Judge, THERESA )<br>JUMO, LPN, Vance County Detention )<br>Center, and THOMAS S. HESTER, JR., )<br>Chairman Vance County, )<br>)<br>Defendants. ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the court on motions to dismiss filed by Defendants Samuel Booth Currin, Allison S. Capps, and Henry W. Hight, Jr., which were referred to the undersigned for memorandum and recommendation by United States District Judge Louise W. Flanagan. Plaintiff has responded, and this matter is ripe for ruling, the time for further filings having expired.

**BACKGROUND**

This is a civil rights action brought by Plaintiff following his arrest on charges of accessory after the fact to armed robbery. Plaintiff alleges that he was confined in the Vance County Detention Center for a period of four or five days in September 2012, during which he was not provided with "life sustaining medications" necessary to treat his hypertension and

diabetes.  He further asserts that he was required to sleep on a mattress on the floor without adequate covering in an overcrowded medical dorm and to wear "mixed matched sandals and raggedy prison uniforms."  (Am. Compl. [DE-22] ¶¶ 22-23.)

Defendant Currin ("DA Currin") is the District Attorney for the Ninth Prosecutorial District, which includes Vance County; and Defendant Capps ("ADA Capps") is an Assistant District Attorney serving Vance County.  Although the allegations contained in Plaintiff's complaint and amended complaint are not entirely clear, it appears as though Plaintiff is alleging that DA Currin and ADA Capps violated his Sixth and Fourteenth Amendment rights as a consequence of their actions during the criminal proceedings against him.  Plaintiff asserts, for example, that ADA Capps improperly calendared for Superior Court a perjury charge lodged against Plaintiff and that she misrepresented to the presiding judge that Plaintiff had waived his right to counsel as to the perjury charge.  Plaintiff alleges that DA Currin "authorized or permitted" ADA Capps' actions and was present and seated beside ADA Capps when she mispresented that Plaintiff had waived his right to counsel on the perjury charge.  (Compl. [DE-1] ¶¶ 21-22.)

In July 2013, Plaintiff filed a complaint of misconduct against DA Currin, requesting his removal from office pursuant to N.C. Gen. Stat. § 7A-66.  The matter was assigned to Defendant Hight, the Senior Resident Superior Court Judge for the Ninth Judicial District.  Plaintiff asserts that Judge Hight summarily dismissed the complaint in furtherance of a conspiracy with DA Currin and ADA Capps to deprive Plaintiff of his civil rights.  (Compl. ¶¶ 26-27.)

Plaintiff filed this action on August 1, 2013, naming the following individuals in both their individual and official capacities:  Peter White, the Sheriff of Vance County; DA Currin;

ADA Capps; Judge Hight; Theresa Jomo,[1] a nurse at the Vance County Detention Center; and Thomas S. Hester, Jr., Chairman of the Vance County Board of Commissioners. Plaintiff seeks monetary damages, declaratory and injunctive relief, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, 18 U.S.C. §§ 241 and 242, Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

On August 29, 2013, DA Currin, ADA Capps and Judge Hight moved to dismiss the claims against them for insufficiency of service of process and lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted [DE-19]. Plaintiff amended his complaint on August 30, 2013, and movants thereafter filed a motion to dismiss Plaintiff's claims against them, as amended [DE-26]. For the reasons that follow, the undersigned concludes that Plaintiff has failed to state a claim for relief against the movants and, therefore, recommends dismissal of the claims against them.[2]

## DISCUSSION

**I.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles*

---

[1] Defendant Jomo is misnamed in Plaintiff's complaint as "Theresa Jumo."
[2] Because Plaintiff has failed to state a claim against the movants, the undersigned does not address the merits of movants' alternative grounds for dismissal.

3

*Cnty. Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.  Section 1983 Claims

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts to support the following findings: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

4

### A. Claims against Judge Hight

"'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978) (quoting *Bradley v. Fisher,* 80 U.S. 335, 351 (1871)). "Judicial immunity is an absolute defense, not merely to liability or damages, but to suit under 42 U.S.C. § 1983." *Cutchin v. Hogshire*, No. 3:08-CV-802, 2009 WL 2899809 (E.D. Va. Sept. 9, 2009) (citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991)). Section 1983, "as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief." *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006). "The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal." *McCarty v. Jones*, No. 5:09-CT-3133-FL, 2009 WL 8757960, *1 (E.D.N.C. Nov. 30, 2009).

There are only three instances where judicial immunity will not shield a judge from suit for civil rights violations. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11–12. Second, immunity does not apply where the judge's acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* Finally, injunctive relief alone may be available with respect to a judge performing judicial acts where "a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. 104-317 § 309(c), 110 Stat. 3847, 3853 (codified as amended at 42 U.S.C. § 1983 (eff. Oct. 19, 1996)). Whether an act is judicial in nature depends upon "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

5

Plaintiff's only allegations against Judge Hight concern Judge Hight's disposition of a complaint filed by Plaintiff alleging misconduct by the District Attorney's Office. Specifically, Plaintiff asserts that Judge Hight conspired with DA Currin and ADA Capps to deprive him of his constitutional trial rights by summarily dismissing Plaintiff's complaint, which sought DA Currin's removal from office. (Compl. ¶¶ 25-27.) From Plaintiff's complaint, it is clear that Judge Hight's actions were judicial in nature. The matter was assigned to Judge Hight by the Senior Resident Superior Court Judge of the judicial district in which Judge Hight is a Resident Superior Court Judge. (Compl. ¶ 26.) More importantly, though, the adjudication of a complaint is a function normally performed by a judge. Because Judge Hight was acting in his judicial capacity in dismissing Plaintiff's complaint, and Plaintiff does not allege that either of the prerequisites for injunctive relief are met, Plaintiff's claims against Judge Hight are barred by judicial immunity.

### B. Claims against DA Currin and ADA Capps

Prosecutors are absolutely immune from individual liability for acts taken in carrying out their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Such activities include determining whether and when to initiate criminal proceedings and in prosecuting the State's case. *Id.* at 430-31 (reasoning that the work of the prosecutor would be impeded were activities "intimately associated with the judicial phase of the criminal process" not absolutely immune).

The actions of which Plaintiff complains concern the conduct of ADA Capps and DA Currin during judicial proceedings. Plaintiff alleges that ADA Capps misrepresented to the court that Plaintiff had waived his right to counsel, inappropriately added to the criminal calendar a perjury charge against Plaintiff, and retracted a plea offer made to Plaintiff. He further asserts

6

that DA Currin knowingly authorized ADA Capps' actions, was present and seated beside ADA Capps during certain judicial proceedings, and conspired with ADA Capps to violate Plaintiff's constitutional rights. These are the very type of functions to which prosecutorial immunity was intended to apply. Plaintiff's claims against DA Currin and ADA Capps are barred by prosecutorial immunity, and they, therefore, fail to state a claim for which relief can be granted.

### C. Official Capacity Claims

Plaintiff's claims for money damages against the movants, in their official capacities, are claims against the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (declaring that suit against state official in his official capacity is suit against the state itself). As such, these claims are barred by Eleventh Amendment immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").

### D. Claim for Equitable Relief

To the extent Plaintiff seeks to enjoin the state criminal proceedings against him, transfer his criminal case to another venue or have this court conduct an inquiry to determine whether DA Currin should be removed from office, his claims fail for an additional reason. Principles of comity require the federal courts to refrain from interfering with state judicial proceedings, except in exceptional circumstances not present in this case. *Younger v. Harris*, 401 U.S. 37, 41 (1971) (recognizing "longstanding public policy against federal court interference with state court proceedings). Accordingly, Plaintiff has failed to state a claim for relief against the movants.

**III.    Other Claims**

Plaintiff also asserts claims against the movants pursuant to 42 U.S.C. §1981, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.[3]  Although Judge Hight, DA Currin and ADA Capps are named as defendants with respect to each of these claims, Plaintiff's complaint includes no facts that would support a claim against any of them under these statutes. *See*, *e.g., Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (requiring that a Section 1985 claim be supported by "specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus"); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999) ("A §1981 action . . . [is] founded on purposeful, racially discriminatory actions" affecting the plaintiff's right to "make and enforce contracts"). Rather, they are premised solely upon conclusory allegations and should, therefore, be dismissed pursuant to Rule 12(b)(6).  *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . . .").

---

[3]Defendant also purports to sue the movants under 18 U.S.C. §§ 241 and 242, although Plaintiff references these statutes only once, in the "Preliminary Statement" of his complaint. (*See* Compl. at 2.)   Sections 241 and 242 are criminal statutes.  While they provide criminal penalties, they do not give rise to civil liability or authorize a private right of action.  *See Tribble v. Reedy*, No. 89-6781, 1989 WL 126783 (4th Cir. Oct. 20, 1989).  Plaintiff has, therefore, failed to state a claim under either of these statutes.

# CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS as follows:

    1.    that the motion to dismiss filed by Defendants Hight, Currin and Capps on September 15, 2013 [DE-26] be GRANTED and Plaintiff's claims against them be DISMISSED, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted; and

    2.    that the motion to dismiss filed by Defendants Hight, Currin and Capps on August 29, 2013 [DE-19] be DISMISSED as moot.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 10th day of January 2014.

                                  KIMBERLY A. SWANK
                                  United States Magistrate Judge