IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-548-FL

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| PETER WHITE, Vance County Sheriff; ) | |
| SAMUEL BOOTH CURRIN, Vance ) | |
| County District Attorney; ALLISON S. ) | |
| CAPPS, Vance County Assistant District ) | |
| Attorney; HENRY W. HIGHT, JR., Senior ) | |
| Resident Superior Court Judge; THERESA ) | |
| JOMO, LPN Vance County Detention ) | |
| Center;[1] and THOMAS S. HESTER, JR., ) | |
| Chairman Vance County, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motions to dismiss (DE 19, 26, 31, 35). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered memoranda and recommendations ("M&Rs") wherein it is recommended that defendants' motions be granted (DE 58, 59). Plaintiff filed a general objection to the M&R. Also pending before the court are plaintiff's motion to compel production of documents (DE 61), motion for preliminary injunction (DE 62), motion to proceed to scheduling order (DE 63), and a document styled as an objection to the magistrate judge decision on motion to recover costs (DE 56). In this posture, the issues raised are ripe for ruling. For the reasons that

---

[1] The court constructively amends the case caption to reflect the correct spelling of this defendant, also as noted in the motion to dismiss filed by this defendant.

follow, the court adopts the recommendations in the M&Rs, dismisses plaintiff's claims and denies the remaining motions.

## BACKGROUND

The court incorporates herein in its entirety the factual background from the M&R, where it accurately and cogently summarizes plaintiff's claims. This is a civil rights action brought by plaintiff following his arrest on state charges of accessory after the fact to armed robbery. Plaintiff alleges that he was confined in the Vance County Detention Center for a period of four or five days in September 2012, during which he was not provided with "life sustaining medications" necessary to treat his hypertension and diabetes. He further asserts that he was required to sleep on a mattress on the floor without adequate covering in an overcrowded medical dorm and to wear "mixed matched sandals and raggedy prison uniforms." (Am. Compl. ¶¶ 22-23).

At the time of plaintiff's confinement, Defendant Peter White ("White") was the Vance County Sheriff, Defendant Thomas S. Hester, Jr. ("Hester") was the Chairman of the Vance County Board of Commissioners, and Defendant Theresa Jomo ("Jomo") was a nurse at the Vance County Detention Center. Plaintiff asserts that the medical facilities at the Vance County Detention Center are inadequate and that White, Hester and Jomo have refused, due to budgetary constraints, to take appropriate action to remedy the deficiencies. Plaintiff further maintains that Jomo negligently disregarded plaintiff's serious medical needs by failing to provide him with medication after having been advised of his need for such.

Plaintiff alleges that he has Type 1 diabetes, hypertension and lower back pain and that he was deprived of appropriate medical treatment during his incarceration at the Vance County Detention Center. Specifically, plaintiff asserts that his medications were delivered to the jail the

3

day after he was confined, but they were not administered to him until the following day because there was no nurse on duty after 7:00 p.m. Plaintiff states that he received some of his medications on September 26, 2012, but he was not given any insulin. Plaintiff was seen by a physician and optometrist, and "was able to get [his] condition under control." (Compl. ¶ 13). Plaintiff maintains that had he remained in the jail without adequate treatment he could have suffered acute complications, "including excessive urination, constant thirst and hunger, weakness, confusion, dizziness, and seizures, as well as severe long-term problems, including blindness, amputation of feet and legs, renal failure, and nerve damage and death due to nontreatment of hypertension and type 1 diabetes." (Compl. ¶ 13; Am. Compl. ¶ 13).

Defendant Currin ("Currin") is the District Attorney for the Ninth Prosecutorial District, which includes Vance County; and Defendant Capps ("Capps") is an Assistant District Attorney serving Vance County. Although the allegations contained in plaintiff's complaint and amended complaint are not entirely clear, it appears as though plaintiff is alleging that Currin and Capps violated his Sixth and Fourteenth Amendment rights as a consequence of their actions during the criminal proceedings against him. Plaintiff asserts, for example, that Capps improperly calendared for Superior Court a perjury charge lodged against plaintiff and that she misrepresented to the presiding judge that plaintiff had waived his right to counsel as to the perjury charge. Plaintiff alleges that Currin "authorized or permitted" Capps' actions and was present and seated beside Capps when she mispresented that laintiff had waived his right to counsel on the perjury charge. (Compl. ¶¶ 21-22).

In July 2013, Plaintiff filed a complaint of misconduct against Currin, requesting his removal from office pursuant to N.C. Gen. Stat. § 7A-66. The matter was assigned to Defendant Hight, the

4

Senior Resident Superior Court Judge for the Ninth Judicial District. Plaintiff asserts that Judge Hight summarily dismissed the complaint in furtherance of a conspiracy with Currin and Capps to deprive Plaintiff of his civil rights. (Compl. ¶¶ 26-27).

Plaintiff filed this action on August 1, 2013, and he amended his complaint on August 30, 2013. Plaintiff seeks monetary damages and declaratory and injunctive relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986, 18 U.S.C. §§ 241 and 242, Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, as well as attorney's fees pursuant to 42 U.S.C. § 1988.

Before the court are a motion to dismiss Plaintiff's claims against White and Hester for insufficiency of service of process and failure to state a claim, as well as a motion to dismiss the claims against Jomo for failure to state a claim upon which relief can be granted. Also before the court are motions to dismiss by Currin, Capps and Judge Hight for insufficiency of service of process and lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. After plaintiff amended his complaint on August 30, 2013, these movants thereafter filed a motion to dismiss Plaintiff's claims against them, as amended.

Also pending before the court are plaintiff's motion to compel production of documents, motion for preliminary injunction, motion to proceed to scheduling order, and a document styled as appeal of magistrate judge decision on motion to recover costs.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review

5

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

6

B.  Analysis

   1.  Claims against White, Hester, and Jomo

Plaintiff claims he was denied medical care in violation of his constitutional rights during his confinement as a pre-trial detainee in Vance County Detention Center. The magistrate judge determined that plaintiff had failed to state a claim on this basis against White, Hester, and Jomo, in both their individual and official capacities. In his objection to the M&Rs, plaintiff does not raise argument as to specific portions of the M&R that may be in error, but rather asserts generally a desire to have an opportunity to correct any deficiencies in the claims noted in the M&R. This objection is insufficient to require *de novo* review. "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quoting 28 U.S.C. § 636(b)(1)). Accordingly, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (internal quotations omitted). Under this standard, the court concludes that the M&R correctly analyzed plaintiff's claims.

"Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainees' rights to due process when they are deliberately indifferent to serious medical needs." Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir. 1992). "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will

7

result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff's claims fail because he has failed to allege facts supporting an inference of deliberate indifference to his medical needs. Although plaintiff alleges a delay in receiving certain medication for hypertension and treatment for his diabetes, he asserts he was shortly thereafter seen by a physician and optometrist who "were able to get [his] condition under control," and that he might have suffered "acute complications" or "serious complications" *if* he had remained in jail without adequate treatment. (Compl. ¶13; Am. Compl. ¶13). Thus, while "[a] delay in medical treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain," Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012), the facts alleged here belie such a claim. See Walker v. Hershey, No. 92-6526, 1992 WL 337096 *2 (4th Cir. Nov. 19, 1992) ("[D]elay in providing treatment does not violate the Eighth Amendment unless the gravity of the injury is apparent."). Moreover, plaintiff alleges that he did receive medications two days after his arrest. (Compl. ¶6). Although he complains this was only a "partial dose" inadequate to treat his condition, (id.), negligently administered medication does not support a claim of deliberate indifference. See Farmer, 511 U.S. at 835.

Where plaintiff fails to allege deliberate indifference on the part of Jomo, plaintiff's claims

8

against White and Hester in a supervisory capacity, as well as plaintiff's official capacity claims, necessarily also must fail. See Randall v. Prince George's County, 302 F.3d 188, 206 (4th Cir. 2002). Likewise, lack of injury resulting from deliberate indifference also undermines his claim under the ADA, Rehabilitation Act, and denial of access to the courts. See Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") (internal quotations omitted); Williams v. Wake Cnty., 5:01-CT-173-BR, 2004 WL 2660656 *3 (E.D.N.C. Jan. 21, 2004) (noting that to state a claim under the Rehabilitation act, "[t]he plaintiff must come forward with evidence that the defendant was deliberately indifferent"); Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996) (access to courts claim requires "actual injury").

Similarly, plaintiff fails to allege any facts supporting a racial discrimination claim against these defendants under §§ 1981, 1985, 1986. Such a claim requires "specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus to deprive the plaintiff[] of the equal enjoyment of rights secured by the law to all." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (internal quotations omitted). Plaintiff alleges no such facts here.

Accordingly, plaintiff's claims against White, Hester, and Jomo must be dismissed for failure to state a claim upon which relief can be granted.

    2.    Claims against Currin, Capps, and Judge Hight

Plaintiff claims that Currin and Capps, as prosecutors, improperly handled a state criminal case against him in Superior Court, and that Judge Hight in processing a complaint against them, improperly dismissed the complaint, in furtherance of an alleged conspiracy against him. As noted above, in his objection to the M&Rs, plaintiff does not raise specific argument as to errors in the

9

reasoning in the M&R, but rather asserts generally a desire to have an opportunity to correct any deficiencies in the claims noted in the M&R. This objection is insufficient to require *de novo* review. The court concludes nonetheless that the M&R correctly analyzed plaintiff's claims.

Plaintiff's claims against Judge Hight, pertaining to his conduct in the course of his duties as a judge, are foreclosed by absolute immunity, under which "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Similarly, plaintiff's claims against Currin and Capps, pertaining to their conduct in advancing prosecution of plaintiff in Superior Court, are foreclosed by prosecutorial immunity, under which "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Plaintiff's recourse is to appeal any adverse rulings in state court, not to seek damages or an injunction in federal court. See Younger v. Harris, 401 U.S. 37, 41 (1971); Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, plaintiff's claims against Currin, Capps, and Judge Hight must be dismissed on the basis of absolute immunity.

3. Preliminary Injunction Motion

Plaintiff seeks injunctive relief "to ensure in the event he is returned to the Vance County Detention Center that he would receive proper medical care." (Mot. at 2 (DE 62)). To obtain a preliminary injunction, a plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural

Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has not shown that he is likely to succeed on the merits for the reasons stated above in dismissing plaintiff's claims. In addition, plaintiff has not shown that he is likely to suffer irreparable harm, because he speculates both about his possible return to Vance County Detention Center, which is an eventuality dependent at least in part on his own conduct, and about the possibility of lack of medical care while there in the future.

Accordingly, plaintiff's motion for preliminary injunction must be denied.

4. Motion to Compel and Motion to Proceed with Discovery

Plaintiff seeks to compel production of documents from defendants to proceed with case scheduling and discovery. Where the court has determined that plaintiff fails to state a claim upon which relief may be granted, these motions must be denied as moot.

5. Objection to Order on Motion to Recover Costs

Plaintiff objects to the magistrate judge order (DE 53) denying plaintiff's motion to recover costs. Plaintiff asserts that defendants improperly refused to waive service and otherwise improperly refused or otherwise avoided service. Plaintiff anticipates needing to spend $834.00 to properly effectuate service on defendants (of which $750.00 is attributed to the expense "at a paralegal rate" for preparing the motion to recover costs, $75.00 is attributed to services of an individual who would place the complaint in the mail to defendants Hight, Currin, and Capps, and $9.00 is attributed to the estimated cost of certified mail), and plaintiff seeks recovery of such costs.

Federal Rule of Civil Procedure 4 provides, in pertinent part, as follows:

(2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

11

> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d). A defendant must have at least thirty (30) days to return a properly submitted waiver form before being subject to the expense provisions of Rule 4(d). In addition, neither a request for waiver, nor a defendant's refusal without good cause to return a waiver form, eliminates the requirement that plaintiff properly make service of process before the expense provisions apply. See Tann v. Fisher, 276 F.R.D. 190, 193 (D. Md. 2011).

As an initial matter, attorneys' fees or expenses for preparation of the motion are not available to a *pro se* party under Rule 4(d)(2). See Prousalis v. Jamgochian, 38 Fed. Appx. 903, 905 (4th Cir.2002), (declining to award attorney's fees to an attorney proceeding pro se under Rule 4); Rossmann v. Lazarus, 1:08CV316 (JCC), 2009 WL 586416 *3 (E.D. Va. Mar. 5, 2009) (same). Accordingly, an award of $750.00 attributed to the expense at a paralegal rate for preparing the motion to recover costs is not allowed.

With respect to the remaining $84.00 in anticipated costs of service cited by plaintiff, Rule 4 imposes a duty of reimbursement only on certain types of defendants who must avoid unnecessary expenses by return of a waiver. For defendants Hight, Currin, and Capps, as state government officials sued in their official capacity, service was required under Rule 4(j), and these defendants were not required to waive service under Rule 4(d)(1). See Moore v. Hosemann, 591 F.3d 741, 747 (5th Cir. 2009) ("[A] state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of rule 4(d).").

As for defendants Hester and White, as well as Hight, Currin, and Capps, in their individual capacities, Rule 4 allows reimbursement only for costs incurred, following a failure to return a waiver form without good cause, and following proper service. See Tann, 276 F.R.D. at 193; Fed.

12

R. Civ. P. 4(d)(1) & (2). Neither requirement is met here.

Plaintiff first has not established that these defendants failed, without good cause, to return a waiver form. Plaintiff states he served defendants Currin, Capps, and Hight, via mailing to the Attorney General on October 7, 2013. But, plaintiff does not provide any information about when or to whom he sent a waiver of service form to these defendants. Plaintiff submitted a letter from Kristen Riggs, counsel for defendants White and Hester, in which she states she has no authority to accept service or make a waiver for defendants White and Hester. (DE 48-1). This letter is irrelevant to service waiver for defendants Currin, Capps, and Hight. And, even as to White and Hester, it does not show that these defendants failed, "without good cause," Fed. R. Civ. P. 4(d)(2), to sign and return a waiver, where the form referenced was not sent to them personally but rather improperly to their counsel. See Fed. R. Civ. P. 4(d)(1)(A)(i); see also Fed. R. Civ. P. Advisory Committee Note (1993) ("Sufficient cause not to shift the cost of service would exist . . . if the defendant did not receive the request.").

In addition, plaintiff has failed to demonstrate he ever made proper service on the defendants, including in their individual capacities. Plaintiff filed an executed summons on August 9, 2013, which suggests he personally mailed the complaint to defendants, rather than having it mailed by a person who is not a party, as required Fed. R. Civ. P. 4(c)(2). (DE 8). Plaintiff later filed on October 7, 2013, an exhibit with a mailing receipt from "Pastor Ronald Green" to the Attorney General of North Carolina, but there is no evidence in the record that this mailing effectuated service on defendants Hester and White, nor on defendants Currin, Capps, and Hight, in their individual capacities.

Accordingly, plaintiff's motion for recovery of costs in service must be denied.

## CONCLUSION

Based on the foregoing, the court ADOPTS in full the findings and recommendations of the magistrate judge, GRANTS defendants' motions to dismiss (DE 19, 26, 31, 35), and DISMISSES plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's remaining motions (DE 56, 61, 62, 63) are DENIED. The clerk is directed to close this case.

SO ORDERED, this the 10th day of February, 2014.

LOUISE W. FLANAGAN
United States District Judge